# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRIN WHITE, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:06-244 |
| v. | ) | |
| | ) | |
| ROZUM, et al. | ) | JUDGE KIM R. GIBSON |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

**GIBSON, J.,**

Now before the Court are Plaintiff's Motion for Leave to File Supplemental Complaint (Document No. 11) and Motion for Permanent Injunction Relief (Document No. 12), as well as Defendants' Combined Response thereto. In his Amended Complaint, Plaintiff alleges violations of the First and Fourteenth Amendments of the United States Constitution, stemming from his treatment at the hands of Defendants, various state prison officials. On November 15, 2006, Magistrate Judge Keith A. Pesto permitted limited discovery on the issue of whether Plaintiff had exhausted his administrative remedies prior to filing this civil action and ordered the Parties to file cross motions for summary judgment on this issue by January 12, 2007. Document No. 8, p. 6. Defendants' motion was filed on December 29, 2006 (Document No. 8); Plaintiff filed his motion on January 9, 2007 (Document No. 13).

In the interim, however, Plaintiff filed the two motions *sub judice*. Plaintiff's first motion requests leave to file a supplemental complaint under FED. R. CIV. P. 15(d). Plaintiff seeks to add new defendants and new claims rising from his continued incarceration despite an order of parole allegedly issued on October 5, 2006. Document No. 11, pp. 1-2. In the second, Plaintiff alleges that he received parole on October 5, 2006, and seeks permanent injunctive relief from continuing incarceration.

1

Document No. 12, pp. 1-2. Both motions thus arise from the same essential facts.

In their Combined Response, Defendants agree that on October 5, 2006, Plaintiff was paroled to the Community Corrections Center (hereinafter "CCC") in Sharon, Pennsylvania. However, the motion and supporting affidavit aver that "placement in a [CCC] is dependent upon the availability of space in that particular Center and thus is beyond the control of both the [Department of Corrections] and the Board [of Probation and Parole]." Document No. 19, ¶ 12; Damiter Decl., Exh. 1 attached to Document No. 19, ¶¶ 3-4. Where space at the assigned CCC is not immediately available, it is the practice of the Department of Corrections to assign the paroled inmate a "bed date," a time when space will be available. The Plaintiff was informed on January 12, 2007, that his bed date for CCC–Sharon is April 30, 2007.

According to FED. R. CIV. P. 15(d), the Court may permit a litigant to supplement pleadings to include "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." "In keeping with the liberal nature of Rule 15, a motion to supplement should be denied only where there is undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party or futility of amendment." *Life & Health Ins. Co. v. Federal Ins. Co.*, No. 92-6736, 1994 U.S. Dist. LEXIS 4639, at ** 3-4 (E.D. Pa. April 13, 1994) (citations and alterations omitted). A proposed amendment or supplement is futile if it would not survive a motion to dismiss. *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). The Rule 15 Motion must therefore be denied. Plaintiff has received a bed date and will presumably be transferred to CCC–Sharon at that time.

The Motion for injunctive relief must also be denied. In analyzing the motion, the Court must consider whether: (1) the moving party has shown actual success on the merits; (2)

2

the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest.

*Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001). Not being allowed to supplement his complaint, Plaintiff is obviously not likely to prevail on the claim to which his request for injunctive relief relates. Furthermore, denial of this relief will operate no irreparable injury on the plaintiff, while granting the injunction will not further the public interest. The Court sees no point in enjoining Defendants to do what they have already done: assign Plaintiff a bed date. Accordingly, Plaintiff's Motion for Permanent Injunctive Relief will be denied.

An appropriate Order follows.

**AND NOW**, this 25th day of January, 2007, upon consideration of Plaintiff's Motion for Leave to File Supplemental Complaint (Document No. 11) and Plaintiff's Motion for Permanent Injunction Relief (Document No. 12), **IT IS HEREBY ORDERED** that both Motions are **DENIED**.

BY THE COURT:

*/s/ Kim R. Gibson/*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

3